■ CITIBANK N.A. et al., Respondents, v BANKERS TRUST COMPANY et al., Appellants. [633 NYS2d 314] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered March 22, 1995, which denied defendants' motion to dismiss or stay the action commenced by plaintiffs alleging fraud, fraudulent misrepresentation, negligent misrepresentation, and at least $143,182,500 in damages, unanimously reversed, on the law, defendants' motion for a stay granted, and the parties directed to complete the alternative dispute resolution ("ADR") process, with costs.

Plaintiffs' contentions, that the ADR agreement at issue is unenforceable because it calls for a procedure other than arbitration and the resulting determination is only partially binding, and that defendants' breach of the ADR discovery deadlines justified plaintiffs' commencing this lawsuit, are without merit.

The Court of Appeals held in *Westinghouse Elec. Corp. v New York City Tr. Auth.* (82 NY2d 47) that the public policy of this State favors the enforcement of arbitration and other ADR agreements where they "reflect the informed negotiation and endorsement of [the] parties" *(supra,* at 53), even where the New York City Transit Authority was seeking to enforce an ADR provision which designated one of its own employees as the ADR adjudicator. The Court found that Westinghouse, having bid upon and entered into the contract "with its business eyes open" *(supra,* at 54), should have anticipated the risk that a controversy would arise and be submitted to the ADR procedure for resolution, and that "the parties should be left to their own ingenuity to enter such agreements and solve their differences with appropriate ADR mechanisms" *(supra,* at 55).

In addition, the Second Department has held in *Board of Educ. v Cracovia* (36 AD2d 851) that an agreement calling for " 'advisory arbitration' " *(supra,* at 852), i.e., less than binding arbitration, is enforceable pursuant to CPLR 7501.

The particular facts in this case, viewed in light of *Westinghouse (supra),* favor enforcement of the ADR provision rather than justify plaintiffs' lawsuit. Plaintiffs entered into the ADR agreement *after* the underlying controversy had arisen, when they were arguably in the more advantageous bargaining position and certainly had the option of commencing litigation immediately. The agreement includes promises that neither party would commence any litigation against the other as to the underlying controversy, with the exception of certain discovery issues, until the agreement expired. The agreement expressly addresses the circumstances here, where discovery has been

thwarted, by allowing either party to proclaim that a " 'Frustrating Event' " has occurred and to give notice of its intention to commence litigation, such litigation being limited to obtaining discovery needed for the ADR process. The parties had complied with the ADR agreement for over three years, using its mechanisms to resolve various disputes which arose.

We further find that a stay of plaintiffs' lawsuit constitutes the more equitable relief and would better effectuate the ADR agreement. Dismissal would prejudice plaintiffs, since the ADR agreement provides for a largely non-binding determination, especially as to liability, and, as noted above, expressly permits them to commence litigation for the purpose of bringing the ADR discovery process under the control of a court. Defendants, on the other hand, are not prejudiced by the mere commencement of an action which plaintiffs might have brought eventually in any case. Concur—Rosenberger, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ.